People v Damone F. (2026 NY Slip Op 50250(U))

[*1]

People v Damone F.

2026 NY Slip Op 50250(U) [88 Misc 3d 1227(A)]

Decided on March 3, 2026

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 3, 2026
Youth Part, Erie County

The People of the
State of New York

againstDamone F., AO.

Docket No. FYC-70148-26/001

Nicholas Marino, Esq. (Assistant District Attorney)Seth Seegert, Esq.
(for Principal Damone F.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law § 722.23 for an order
preventing removal of this action to the juvenile delinquency part of Erie County Family Court,
and upon reading the Notice of Motion and Supporting Affidavit of Nicholas J. Marino, Esq.
(Assistant District Attorney), dated February 17, 2026; responsive papers dated February 24,
2026 having been filed by Seth Seegert, Esq. on behalf of AO Damone F. ("AO D.F."); the ADA
having reserved the right to a hearing on the facts alleged in support of the People's Motion; and
due deliberation having been had, the Court finds the following:
Procedural HistoryAO D.F. was
charged under FYC-70148-26/001 with one count of Criminal Possession of Stolen Property in
the Second Degree (PL § 165.52), a class C felony; Criminal Mischief in the Second Degree
(PL § 145.10), a class D felony; Unauthorized Use of a Vehicle in the Third [*2]Degree (PL § 165.05(1)), a class A misdemeanor; and
Criminal Possession of Stolen Property in the Fifth Degree (PL § 165.40), a class A
misdemeanor for an incident that occurred on January 18, 2026. He was also charged under
FYC-70149-26/001 with various Vehicle and Traffic Law violations in connection with the
January 18, 2026 incident.
On January 20, 2026, this Court arraigned AO D.F. on these matters and set bail in the
amount of $50,000 A, B, $80,000 E at 10%. Following his appearance in Youth Part, AO D.F.
was brought to Family Court to answer to an outstanding warrant, which was issued on
November 17, 2025, and subsequently detained on a juvenile delinquency matter.
On January 23, 2026, AO D.F. waived the felony hearing, and the People conceded the
six-day reading. The People indicated that they would make a motion under CPL §
722.23(1) requesting that this matter not be removed to Family Court.
On January 27, 2026, this Court arraigned AO D.F. on FYC-70222-26 and FYC-70223-26.
He was charged under FYC-70222-26 with Criminal Possession of Stolen Property in the Third
Degree (PL § 165.50), a class D felony; Grand Larceny in the Fourth Degree (PL §
155.30(8)), a class E felony; Unauthorized Use of a Vehicle in the Third Degree (PL §
165.05(1)), a class A misdemeanor for an incident that occurred on November 27, 2025. AO D.F.
was charged under FYC-70223-26 with three counts of Grand Larceny in the Fourth Degree (PL
§ 155.30(4)), a class E felony and three counts of Criminal Possession of Stolen Property in
the Fourth Degree (PL § 165.45(2)), a class E felony for a second incident that occurred on
November 27, 2025. Nominal bail was set on both matters, and the People conceded the six-day
readings. The People indicated that they would make a motion under CPL § 722.23(1)
requesting that this matter not be removed to Family Court.
On February 2, 2026, this Court arraigned AO D.F. on FYC-70292-26 and FYC-70293-26.
He was charged under FYC-70292-26 with Criminal Possession of Stolen Property in the Fourth
Degree (PL § 165.45(2)), a class E felony; Identity Theft in the Second Degree (PL §
190.79(1)), a class E felony; and Unauthorized Use of a Vehicle in the Third Degree (PL §
165.05(1)), a class A misdemeanor for an incident that occurred on January 18, 2026. Under
FYC-70293-26, AO D.F. was charged with Criminal Possession of Stolen Property in the Fourth
Degree (PL § 165.45(1)), a class E felony, for an incident that occurred on December 29,
2025. Nominal bail was set on both matters, and the People conceded the six-day readings. The
People indicated that they would make a motion under CPL § 722.23(1) requesting that this
matter not be removed to Family Court.
The attorneys agreed to combine the People's extraordinary circumstances motions into one
scheduling order, set as follows: the People's motion would be due on February 17, 2026,
responsive papers due on February 24, 2026, and a decision on motion was to be issued by
March 3, 2026.

Findings of Fact
 FYC-70148-26, FYC-70149-26, and
FYC-70293-26
It is alleged that on or about January 18, 2026 at 1:57 PM, AO D.F. was observed operating a
grey 2023 Ford Explorer that was reported stolen the day before. Police officers observed the
stopped at a red light and attempted to initiate a traffic stop. The vehicle began to drive
recklessly. An Air 1 helicopter began monitoring the vehicle and saw it weaving in and out of
traffic, then striking another vehicle and a fire hydrant. The vehicle came to a stop near AO D.F.'s
residence and AO D.F. fled inside. Detectives applied for and were granted a search warrant for
the residence. AO D.F. eventually opened the door of the residence for police, and he [*3]was apprehended therein. AO D.F. did not have a valid license.
Police also recovered a key fob for a 2022 BMW 540i from AO D.F.'s bedroom. The BMW was
reported stolen on December 29, 2025.

FYC-70222-26
It is alleged that on November 25, 2025, AO D.F. was observed on video surveillance taking
a blue 2020 Ford Explorer from a parking lot. The owner of said vehicle filed a report indicating
that his vehicle had been stolen. Two days later, AO D.F. was observed again on video
surveillance operating the same vehicle without permission to do so and was subsequently
arrested by Buffalo Police.

FYC-70223-26
It is alleged that on November 27, 2025, Thanksgiving Day, AO D.F. gained access to the
victim's maroon 2023 Ford Explorer, while she was unloading items at her son's home. The
vehicle was equipped with a security camera, which recorded AO D.F. taking a black wallet
containing three credit cards from the vehicle. Additional items stolen from the vehicle include
more than $550 in gift cards, state identification belonging to the victim's brother, and the
victim's passport identification card. AO D.F. is then observed getting into the rear of a blue
2020 Ford Explorer, similar to the vehicle stolen in the foregoing FYC. The three stolen credit
cards were later used to make unauthorized charges at various locations.

FYC-70292-26
It is alleged that on January 16, 2026, a Victim's 2022 white Ford Explorer was stolen from
her driveway. Her purse, wallet containing her license, employment identification cards, two
debit cards and several credit cards, work bag containing a laptop computer, children's
backpacks, and several pairs of shoes were inside the vehicle when it was stolen. Some of the
victim's belongings were discarded in a parking lot later that day. On January 17, 2026, one of
the victim's credit cards was used for two separate fraudulent transactions at a gas station in the
amount of $45.47 and $23.66. A Police Lieutenant reviewed surveillance video and still images
taken from the gas station and identified AO D.F. as the driver of the stolen white Ford Explorer.
This credit card was later located inside AO D.F.'s home when the search warrant was executed.
The victim's vehicle was recovered on January 18, 2026. The front bumper was cracked, the front
camera was removed, the front license plate was missing, the ceiling area inside the vehicle
above the rearview mirror was destroyed, there were wires hanging from the ceiling, the tires
were coated with brake dust, and upon operating the vehicle, the victim observed the brakes to be
grinding severely.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a
felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3]
[a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender
matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves
to prevent the removal of the action to Family Court and establishes that extraordinary
circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d
1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in
making an extraordinary circumstances determination, courts should 'look at all the
circumstances of the case, as well as ... all of the circumstances of the young person,' including
both mitigating and aggravating factors." NY Assembly Debate on 2017 NY [*4]Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65);
see also, People v. Guerrero, supra. The legislative history further provides that
"the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and
heinous facts are proven and there is strong proof that the young person is not amenable or would
not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d
1215(A) (Nassau County Ct 2021). A determination regarding extraordinary circumstances
is left within the broad discretion of the court. People v Guerrero, 2026 NY Slip Op 00826 [Ct
App Feb. 17, 2026].
The People argue that this matter should not be transferred to Family Court. They argue that
the sheer amount of criminal activity alleged over the course of a relatively short period of time is
extraordinary. He recklessly drove vehicles at high rates of speed, causing danger to the public
and police, led police on a chase, and used the stolen vehicles to commit additional thefts and
fraudulent credit card charges. The People allege that on several occasions, AO D.F. led a group
of youths committing crimes. The People further argue that AO D.F. was previously afforded the
opportunity to utilize the heightened services of Family Court. Family Court issued a warrant for
him on November 17, 2025, and he was charged in six matters for incidents occurring while he
was out on the warrant.
AO D.F. raises such mitigating factors as the lack of injuries to any victim in the above listed
matters. Further, counsel for AO D.F. states that no "significant property damage" occurred in
any of the incidents that AO D.F. was involved in. Finally, counsel for AO D.F. alleges that his
client has never been afforded an opportunity to experience the heightened level of services
offered in Family Court, and he believes that his client will be amenable to rehabilitation.
This Court finds that extraordinary circumstances do not exist here. The Court acknowledges
that the victims here were personally inconvenienced and experienced financial hardship, but the
facts of these cases are not particularly unusual or heinous. In fact, the allegations are somewhat
typical of many Youth Part cases. Although AO D.F. is charged in six cases for incidents
committed within a two-month span, none of these crimes were violent in nature. No firearms
were recovered, and no shots were fired. Other than the instant cases, AO D.F. has no prior
Youth Part history. While a Family Court matter is currently pending, the People have failed to
prove that AO D.F. is not amenable to the heightened services provided in Family Court or that
such services have been exhausted.
The People have not met their burden to prevent removal of this action to Family Court.
Under the totality of the circumstances, considering the mitigating factors and the lack of
substantially aggravating factors, this Court finds that extraordinary circumstances do not exist to
warrant this case remaining in the Youth Part. Accordingly, this case shall be removed to Family
Court.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.ENTER,HON. BRENDA M. FREEDMAN